UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW PRYSTASH, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  H-05-1546 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

# **ORDER**

On July 29, 2005, Charles Bacarisse, Harris County District Clerk, Criminal Division, filed a "Motion to Quash or Modify Subpoena" as a result of Petitioner Joseph Andrew Prystash's attempts to engage in discovery.  [Doc. # 6].  In an Order dated July 29, 2005, this Court denied a similar motion filed by a Staff Attorney for the Administrative Office of the District Courts for Harris County, Texas, because the Attorney General of the State of Texas represents Douglas Dretke in this action, *see Saldano v. Roach*, 363 F.3d 545, 551-52 (5th Cir. 2004) ("Texas law gives the Attorney General the authority to represent Director Dretke and the State in suits such as this." (citing *Sierra Club v. City of San Antonio,* 115 F.3d 311, 314 (5th Cir.1997) ("Under Texas law, the Attorney General enjoys an exclusive right to represent state agencies; other attorneys who may be permitted to assist the Attorney General are

subordinate to his authority."); *League of United Latin Am. Citizens, Council No. 4434 v. Clements,* 999 F.2d 831, 844 (5th Cir.1993) (en banc) ("The Attorney General may represent state officials in their official capacities. . ..")). Other individuals do not have standing. Respondent Dretke has not sought a protective order in regard to discovery in this case.[1]

This Court in its Order issued on July 29, 2005, observed that "the Attorney General has the duty to compile the entire record in the state criminal and habeas proceedings, which record typically includes the juror questionnaires prepared by potential jurors[.]" [Doc. # 5]. This Court clarifies its previous Order by noting that Respondent has a duty to submit *to the Court* a copy of the state court record. Respondent has already filed a copy of that record to this Court, and it is accessible to Petitioner's counsel. This Court has not been able to locate in the records that have been filed, however, the jury questionnaires, and thus it appears that those materials from the state trial record have not yet been made part of the record in this proceeding.

The motions seeking to quash Petitioner's subpoenas suggest that Texas law

---

[1] The Court is unpersuaded that there is a basis under Rule 45 of the Federal Rules of Civil Procedure to quash the subpoena directed at Mr. Bacarisse, given that the party requesting the information was also a party – indeed, the defendant – in the trial in which the potential jurors were summoned and questioned on voir dire. Furthermore, any confidential material may be filed in this Court under seal or made the subject of a protective order to protect the privacy of the potential and actual jurors.

may discourage the general production of those questionnaires. However, neither the state nor federal law precludes the production upon a proper showing. If Petitioner does not have access to the jury questionnaires and Respondent does not make them freely available otherwise, Petitioner can file a request showing "good cause" for their production. Rules Governing Section 2254 Cases in the United States District Courts, Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."). This is not a ruling, however, that Petitioner has authority to engage in formal discovery at this time.

**SIGNED** this 16th day of August, 2005, at Houston, Texas.

_____
Nancy F. Atlas
United States District Judge