# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW PRYSTASH, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1546 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## ORDER

Joseph Andrew Prystash, a death-row inmate, filed a federal petition for habeas corpus on April 28, 2005. (Docket Entry No. 1). In his petition, Prystash claims that the prosecution violated *Batson v. Kentucky*, 476 U.S. 76 (1986), through the racially discriminatory use of peremptory challenges. Prystash filed a Motion for Expansion of Record seeking to uncover information about the composition of the panel of potential jurors from his trial. (Docket Entry No. 9). Specifically, Prystash asks for (1) "jury selection cards" that contain, among other information, the race of each potential juror; (2) a seating chart for the panel of potential jurors; and (3) the questionnaires filled out by prospective jurors. Prystash also asks this Court to extend the time he has to amend his federal habeas petition to allow consideration of the expanded record. (Docket Entry No.

8).

Respondent opposes the expansion of the record with respect to the actual juror cards. (Docket Entry No. 10). Texas law preserves the confidentiality of the information on the cards, TEX. CODE CRIM. PRO. art. 35.29, and the cards apparently contain information not relevant to these proceedings. Respondent, however, does not oppose expansion of the record with respect to information directly relating to Prystash's habeas claims, that is, the race of the prospective jurors. Respondent agrees that "[t]his information could be obtained by way of an *in camera* or other specified third party inspection of the documents in question, or by way of redaction of all non-relevant information from the cards themselves." (Docket Entry No. 10 at 3). Respondent takes no position with respect to the jury questionnaires or seating chart. An earlier pleading, however, contains an affidavit prepared by a Deputy District Clerk for the Harris County District Clerk's Office which states that the official file does not contain any venire seating charts. (Docket Entry No. 6 at exhibit 1, Affidavit of W. Clyde Lemon, dated July 28, 2005).

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes this Court to "direct the parties to expand the record by submitting additional materials relating to the petition." The parties do not dispute that the jury-selection material sought by Prystash falls within the type of material that can be included in the record under Rule 7. *See* Rule 7(b) ("The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the

2

record."). This Court finds that Prystash has made a sufficient showing that the information relative to each potential juror's race should be made part of the record. As the Harris County District Clerk's Office has indicated that no venire seating charts exist, this Court cannot order the record to contain that information. However, the record should contain the jury questionnaires and the jury cards.

Respondent raises questions about who should produce those supplemental material and how the Court should make it available to Prystash. Respondent states that this Court should order the Harris County District Clerk to supplement the record with the relevant information. Rule 7 limits the Court's authority to "direct[ing] *the parties* to expand the record[.]" The state district court is not, and cannot be, a party to the instant litigation; Respondent represents the State of Texas' interests in this action. *See Saldano v. Roach*, 363 F.3d 545, 551-52 (5th Cir. 2004) ("In this suit against Director Dretke, the real party in interest is the State of Texas. . . . Texas law gives the Attorney General the authority to represent Director Dretke and the State in suits such as this."), *cert. denied*, 125 S.Ct. 65 (2004). For that reason, this Court will require Respondent to acquire copies of the jury questionnaires and jury cards from Prystash's trial and submit copies to the Court within thirty (30) days from the entry of this Order.

Texas law protects the confidential information contained in the jury material, TEX. CODE CRIM. PRO. art. 35.29, but does not prevent the "release to the trial counsel of information on the general panel[.]" Texas Attorney General's Opinion No. JC-0405 (2001). It seems reasonable that federal habeas counsel should likewise be entitled to general

3

information on the jury panel, but absent a showing of overriding need, not have access to confidential jury information. This Court, therefore, expects Respondent to redact any confidential information contained on the supplemented material, including "the juror's home address, home telephone number, social security number, driver's licence number" and any "other personal information [that] is confidential[.]" TEX. CODE CRIM. PRO. art. 35.29. The redacted material will become part of the official record in this case. In accordance with Rule 7(c), if either party takes issue with the correctness and completeness of those records, they will file a motion challenging the expanded record within ten (10) days of its filing. *See* Rule 7(c) ("The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."). It is therefore

**ORDERED** that Prystash's Motion for Expansion of the Record (Docket Entry No. 9) is **GRANTED**. Respondent shall acquire copies of the jury questionnaires and jury cards from Prystash's trial and file copies with the Court within thirty (30) days from the entry of this Order. It is further

**ORDERED** that Prystash's Unopposed Motion to Extend Deadline to File Petitioner's Federal Habeas Petition (Docket Entry No. 8) is **GRANTED**. It is further

**ORDERED** that the following schedule will apply: Prystash will file an amended petition within ninety (90) days of Respondent's filing expanding the record; Respondent will file an answer and any dispositive motion sixty (60) days after Prystash files his amended petition; and Prystash will file his response within thirty (30) days thereafter.

**SIGNED** this **21st** day of **September, 2005**, at Houston, Texas.

                                                  Nancy F. Atlas
                                             United States District Judge