UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW PRYSTASH, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-1546 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

## ORDER

Joseph Andrew Prystash, a Texas inmate convicted of capital murder and sentenced to death, filed a federal petition for a writ of habeas corpus. (Docket Entry No. 15). Prystash's petition raises several claims for the first time on federal review. Respondent has filed a motion for summary judgment arguing, in part, that this Court cannot consider the merits of the unexhausted claims. Specifically, Respondent argues that this Court should deny habeas relief because Prystash failed to give the state courts an opportunity to consider the following claims: (1) the prosecution suppressed evidence and presented false testimony with respect to the voluntariness of co-defendant Howard Guidry's confession and the existence of a federal complaint relating to police misconduct; (2) the prosecution improperly exerted peremptory challenges against members of a cognizable racial group in violation of *Batson v. Kentucky*, 391

U.S. 510 (1968); (3) Prystash's trial, appellate, and state habeas attorneys provided constitutionally ineffective assistance; and (4) the trial court improperly removed several prospective jurors for cause.

Federal law generally limits habeas relief to claims advanced in state court. *See* 28 U.S.C. § 2254(b)(1). Prystash recognizes the unexhausted nature of the challenged claims. Federal precedent has generally favored the dismissal of "mixed petitions" – those raising both exhausted and unexhausted claims – to allow state court review. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Prystash, however, fears that the Anti-Terrorism and Effective Death Penalty Act's stringent limitations period would bar any petition that Prystash would later file should this Court dismiss his entire petition. To salvage an opportunity for federal review, Prystash proposes three alternatives that would provide for consideration of the unexhausted claims: (1) hold this federal action in abeyance while he advances the claims in state court; (2) dismiss this case without prejudice but guarantee that equitable tolling will ameliorate the effects of the now-expended limitations period; and (3) find that cause and prejudice exist that would allow consideration of his claims' merits.

The Supreme Court recently addressed the situation before this Court – how a federal court should consider a habeas petition containing both exhausted and unexhausted claims. The Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 275

(2005), recognized that, because of the confluence of the AEDPA's limitations period and its strict exhaustion requirement, "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." To that end, *Rhines* authorized a limited stay and abeyance practice in federal court that would allow a fair opportunity for the adjudication of meritorious claims while preserving Congress' concerns for finality and expediency as expressed in the AEDPA. *See id.* at 278.

Under *Rhines*, stay and abeyance becomes appropriate when the petitioner shows: (1) good cause for failing to exhaust the claim; (2) that the claim is not plainly meritless; and (3) that nothing indicates that the failure to exhaust has not resulted from intentional delay. *See id.* at 277. While not entirely clear, Prystash appears to argue that the recent developments in a related case, in conjunction with the failure of appellate counsel to anticipate these claims, constitutes good cause. Particularly, the Fifth Circuit in *Guidry v. Dretke*, 397 F.3d 306 (5th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 1587 (2006), recently found that the police coerced the confession of Prystash's codefendant Guidry and that the State of Texas improperly introduced hearsay statements made by Prystash's girlfriend. The State of Texas presented the

3

same now-discredited confession and hearsay statements in Prystash's case.[1] While Respondent minimizes the effect of the Fifth Circuit's ruling, Prystash's argument that the prosecution hid from him the invalidity of Guidry's statement requires careful judicial consideration, preferably by the state courts first.

If no state habeas avenue of relief remains open to Prystash, returning to the state courts would be futile and exhaustion is technically satisfied. Yet, under those circumstances his failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).[2] Respondent argues that Texas will not consider any more claims raised by Prystash, resulting in a federal procedural bar. Article 11.071 § 5(a) of the Texas Code of Criminal Procedure prohibits a Texas court from considering a successive habeas petition on the merits unless the petition satisfies one

---

[1] Prystash, while advancing a *Brady* claim involving a complaint he filed with the Federal Bureau of Investigation relating to police misconduct during the taking of his own statements, does not raise any claim that he did not voluntarily confess to participation in the Fratta murder.

[2] Prystash argues that cause and prejudice exists to allow consideration of his claims because his previous attorneys provided ineffective assistance. He has not, however, exhausted related ineffective-assistance-of-counsel claims in state court – a defect fatal to the consideration of his underlying claims. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (holding that an ineffective assistance claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted and thus cannot serve as cause to excuse the default of the other claim).

of the narrow exceptions set forth in § 5(a)(1)-(3).  For example, Texas procedure allows the filing of successive claims that "could not have been presented previously in a timely initial application" because "the factual . . . basis for the claim was unavailable . . . ."  TEX. CODE CRIM. PRO. article 11.071 § 5(a)(1).  It is not clear that the facts showing police misconduct in the *Guidry* case were available until recently.

The Texas courts should consider in the first instance whether Prystash's unexhasuted claims, and most especially those similar to the ones raised in the *Guidry* case, comply with TEX. CODE CRIM. PRO. art. 11.071 § 5.  *See Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001) ("[B]ecause it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of [the petitioner's] claim, Texas courts should make that determination.").  It may be that Texas will apply its procedural bar to Prystash's claims.  However, "the State should be allowed to make the procedural bar, *vel non*, determination."  *Id.* at 262.

Accordingly, the Court **DENIES** Respondent's motion for summary judgment.  The Court **STAYS** and **ADMINISTRATIVELY CLOSES** this case to allow state court review.  Prystash will expeditiously seek state court relief and move to reopen these proceedings, if necessary, soon after the conclusion of the successive state court proceedings.

**SIGNED** this **25th** day of **August, 2006**, at Houston, Texas.

*[signature]*

Nancy F. Atlas
United States District Judge